## AVENT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7506.

Circuit Court of Appeals, Fifth Circuit.
March 27, 1935.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Thomas A. Carpenter, Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Hartford Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The Board of Tax Appeals sustained a deficiency income tax assessment for the years 1927 and 1928 on the theory that the taxpayer should be treated as a member of a partnership and not allowed to take deductions for the full amount of the partnership losses. It is contended in support of this petition for review that the taxpayer was entitled to deduct from his income tax returns the full amount of the business losses, because there was in fact no partnership.

In 1924 the taxpayer completed the erection of a sawmill, and engaged his two sons to work for him in cutting timber and manufacturing lumber. He agreed to pay to each of his two sons $1,800 a year, and in addition to give each 33 per cent. of any profits after he had received back the capital he had invested. The sons contributed nothing to the capital investment. The taxpayer retained title to all the property. There was no agreement that the sons should pay any part of the business losses, and all such losses were in fact borne by the taxpayer. On the whole there have been no net profits, much less an amount earned sufficient to reimburse the taxpayer for his capital outlay. The business was conducted under the name of "R. C. Avent and Sons" to distinguish it from other business ventures in which the taxpayer was engaged. An accounting firm, employed to prepare the income tax returns, assumed that a partnership existed and prepared partnership returns for 1924 and 1925, which were signed by the taxpayer. No partnership return was made for 1926 or

subsequent years. In 1927 the taxpayer objected to making a partnership return, stating that there was no partnership. The petition alleged, and the Commissioner's answer admitted, that operations of the sawmill resulted in a loss of $4,800 in 1924; a net income of $1,700 in 1925; and a loss of $25,000 in 1926. During these years the taxpayer's losses in excess of the deductions he claimed and was allowed amounted to about $19,000.

After the agreement, as well as before, the taxpayer was the owner of the sawmill property and of the profits as they accrued. As the contingent provision for a division of profits never became effective, since the taxpayer was not reimbursed for his capital investment, his sons never came to have a proprietary interest in profits as profits. And so the business relationship that existed between the taxpayer and his sons did not ripen into a partnership. Sugg v. Hopkins (C. C. A.) 11 F.(2d) 517. The fact that returns were made in 1924 and 1925 as for a partnership works no estoppel as against the taxpayer, because admittedly the United States gained rather than lost by the mistakes made in tax returns for the three years immediately preceding the taxable years here involved. 26 USCA § 937 (b).

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.